Dear Chief Berger:
You have asked for my opinion on substantially the following question:
Pursuant to section 741.29(2), Florida Statutes, what event initiates the 24-hour time requirement to submit a domestic violence report to the nearest certified domestic violence shelter?
Section 741.29, Florida Statutes, requires law enforcement officers investigating incidents of domestic violence to "advise the victim of such violence that there is a domestic violence center from which the victim may receive services."[1] Law enforcement officers are required to give victims immediate notice of their legal rights and remedies by providing them with a standard form developed by the Florida Department of Law Enforcement entitled "Legal Rights and Remedies Notice to Victims."[2] Regardless of whether an arrest is made following an investigation of domestic violence, the law enforcement officer investigating must make a written police report indicating that "the alleged offense was an incident of domestic violence."[3] The statute requires that
"[s]uch report shall be given to the officer's supervisor and filed with the law enforcement agency in a manner that will permit data on domestic violence cases to be compiled. Such report must include:
(a) A description of physical injuries observed, if any.
(b) If a law enforcement officer decides not to make an arrest or decides to arrest two or more parties, the officer shall include in the report the grounds for not arresting anyone or for arresting two or more parties.
(c) A statement which indicates that a copy of the legal rights and remedies notice was given to the victim."
Section 741.29(2), Florida Statutes, requires that the report be given to the law enforcement officer's supervisor and filed with the agency in a manner that will facilitate the collection of data on domestic violence. Thus, each law enforcement agency should have a policy in place for the expeditious filing of these reports.
The law enforcement agency is charged with sending a copy of the initial police report on the incident to the nearest locally certified domestic violence center:
"The law enforcement agency shall, without charge, send a copy of the initial police report, as well as any subsequent, supplemental, or related report, which excludes victim/witness statements or other materials that are part of an active criminal investigation and are exempt from disclosure under chapter 119, to the nearest locally certified domestic violence center within 24 hours after the agency's receipt of the report."
This office has issued several opinions relating to the redaction of information that may be contained in the police report and forwarded to domestic violence centers and concluded that this information must be redacted prior to a copy of the report of domestic violence being forwarded.[4]
The statute clearly places the responsibility of providing a copy of the initial police report on "[t]he law enforcement agency" rather than on the law enforcement officer preparing the report or the officer's supervisor who must receive a copy of the report. This requirement was the result of an amendment in 1994 to the statute which previously mandated that the officer's supervisor send a copy of the report to the nearest locally certified domestic violence center following the agency's receipt of the report.[5] While the statute does not place the burden squarely on any one person within the agency, the public records custodian for the agency would, logically, be the official charged with this agency responsibility.[6] It is the public records custodian who would be responsible for receiving any request for confidentiality of information contained in such a record[7] and it is the records custodian who would redact that information and make copies available for public inspection and copying.[8] Thus, the initial police report should be submitted to the records custodian without delay and the law enforcement agency may consider the 24-hour time period to begin when the records custodian receives that report for filing.
Therefore, it is my opinion that the timely receipt of the initial police report by the records custodian of a law enforcement agency triggers the 24-hour time requirement for the agency to submit a copy of that report and other related reports to the nearest certified domestic violence shelter pursuant to section 741.29(2), Florida Statutes.
Sincerely,
 Bill McCollum Attorney General
BM/tgh
[1] Section 741.29(1), Fla. Stat.
[2] Id.
[3] Section 741.29(2), Fla. Stat.
[4] See Ops. Att'y Gen. Fla. 02-50 (2002) (information revealing home or employment address or telephone number or personal assets of victim of domestic violence should be excised from copy of report of domestic violence forwarded by law enforcement agency to nearest domestic violence center if victim has requested that such information be treated as exempt pursuant to section 119.07[3][s]1., Fla. Stat.) and 92-14 (1992) (information revealing identity of victim of sexual battery, child abuse, or lewd, lascivious or indecent assault upon or in the presence of a child, should be excised from copy of report of domestic violence forwarded by law enforcement agency to domestic violence center).
[5] See s. 2, Ch. 94-135, Laws of Fla.
[6] See s. 119.071(2)(j)1., Fla. Stat., which authorizes victims of several crimes including domestic violence to request that their home or employment address, telephone number and personal assets be kept confidential.
[7] Section 119.07(1)(b), Fla. Stat., authorizes "[a] custodian of public records or a person having custody of public records [to] designate another officer or employee of the agency to permit the inspection and copying of public records[.]"
[8] See s. 119.07(1), Fla. Stat.